Herman H. & Laura L. Buhs v. Commissioner. Herman H. Buhs v. Commissioner. Laura L. Buhs v. Commissioner.
Herman H. & Buhs v. Commissioner
Docket Nos. 15159, 17001, 17002.
United States Tax Court
1949 Tax Ct. Memo LEXIS 297; 8 T.C.M. (CCH) 33; T.C.M. (RIA) 49011; January 12, 1949
*297 Respondent's determination approved because of failure of proof. Herman H. Buhs, pro se. A. J. Hurley, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in the following amounts: Docket No.
Name
Year
Amount of Income Tax
17001
Herman H. Buhs
1943
$175.41, plus 5% penalty
1944
202.76, plus 5% penalty
17002
Laura L. Buhs
1943
166.40, plus 5% penalty
1944
205.92, plus 5% penalty
15159
Herman H. and Laura L. Buhs
1945
151.98, plus 5% penalty
In docket No. 17001, respondent, by amendment to his answer, made claim for a corrected deficiency in the amount of $160.13, plus penalty of $8.01 for 1943 and $168.72 and $8.44 penalty [1] for the year 1944. [The Facts] For the year 1943, Herman H. Buhs returned as gross income $6,002.34 on a return which was marked on its face "Community Property Return." From *298 the stated figure he deducted as expenses $881.76 and as other deductions, contributions $473.50; interest $24; taxes $96.80; losses $125; medical expenses $76.69, or a total of such deductions of $795.99. The return filed by Laura L. Buhs for 1943 was a duplicate of that filed by Herman H. Buhs, the same figures appearing. For the year 1944, Herman H. Buhs returned as gross income $5,315.78 on a return which was marked on its face "Community Property Return." From the stated figure he deducted as expenses the sum of $932.69, and as other deductions, contributions $432.50; taxes $79.89; losses $100; and medical expenses $437.13, or a total of such other deductions of $1,049.52. For the year 1944, Laura L. Buhs filed a return which is apparently a duplicate of that filed by Herman H. Buhs. For the year 1945, petitioners filed a joint return showing gross income received of $3,883.50, from which was deducted expenses in the amount of $635 and against which were claimed deductions for contributions, $391; taxes $58.30; losses $225, and medical and dental expenses $405.92. For the year 1943, respondent, on audit, allowed aggregate deductions of $264.27 and disallowed medical *299 expenses in its entirety. For the year 1944, respondent allowed $216.05, of which $127.36 was for medical expense. For the year 1945, respondent allowed $354.70, of which $179.70 was for medical expense. All other expenses were disallowed. [Opinion] When the case was called for hearing, petitioner Herman H. Buhs appeared without counsel and the case was so tried. Petitioner was given every opportunity to submit any data which he might have in support of his position but no receipts were produced and no evidence other than generalized statements to the effect that he had expended the sums stated in his return, was forthcoming. Government counsel endeavored to cooperate with petitioner and on cross examination afforded him every opportunity to support his case with evidence of some probative weight. All to no avail. Petitioner's recollection as to the items inquired about was hazy and obviously not reliable. In many instances petitioner had no recollection whatsoever and exhibited little desire to cooperate with counsel in an effort to adduce the facts. All in all the testimony was so lacking in precision and much of it was so inherently improbable as to afford us no basis for *300 finding error by respondent nor does it enable us to determine with any assurance even the approximately correct amounts of allowable deductions. On the record made, we have no alternative to holding that petitioners must fail because of their failure to carry the burden of proving error on the part of respondent. Decisions will be entered under Rule 50. Footnotes
1. These figures are taken from the pleadings filed. No accurate copies of the notices of deficiencies were before us and thus the current amounts cannot be determined on present data. Hence, recomputation under Rule 50 will be necessary.↩